## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| BLANCA ROSALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:03-CV-2621-L |
| | § | |
| WESTERN UNION FINANCIAL | § | |
| SERVICES, INC., AND THE FIRST | § | |
| DATA CORPORATION LONG TERM | § | |
| DISABILITY PLAN, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for New Trial,[1] filed April 27, 2004.  After careful consideration of the motion, response, reply, record and applicable law, the court **denies** Plaintiff's Motion for New Trial.

## I.      Background

On April 13, 2005, the court issued an order granting summary judgment for Defendants Western Union Financial Services, Inc. ("Western Union") and First Data Corporation Long Term Disability Plan ("First Data") (collectively "Defendants"), and issued a judgment dismissing Plaintiff's Blanca Rosales's ("Rosales") action with prejudice. Rosales requests the court to "find that it has committed errors of fact and law and the court withdraw its summary judgment decision and send the case to trial." Motion for New Trial at 2.  Rosales maintains that there is new evidence

---

[1]Plaintiff characterizes her motion as one for new trial.  As there was no trial or evidentiary hearing, Plaintiff's motion is really one to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e).  *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.,* 123 F.3d 336, 339 (5th Cir. 1997).  The court therefore treats the motion as such for purposes of its analysis.

that supports her claims that was not available at the time the motions for summary judgment were filed.

Western Union contends that Rosales's motion should be denied as it does not present new evidence warranting the court to reconsider its judgment and does not establish any manifest errors of law or fact. First Data maintains that the motion for new trial should be denied as to First Data as it is not directed to the court's granting of summary judgment for First Data, and that Rosales fails to meet the standard for a new trial pursuant to Fed. R. Civ. P. 59.

## II.   Standard

Pursuant to Fed. R. Civ. P. 59, "[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citations omitted). Such motions may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59 motion may not be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to entry of judgment. *See generally* 11 C. WRIGHT, A. MILLER & M. KANE § 2810.1 at 127-28 (2d ed. 1995); *see also Simon*, 891 F.2d at 1159. With respect to newly discovered evidence, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Resources, Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this

**Memorandum Opinion and Order - Page 2**

discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## III.   Analysis

Rosales alleged in her lawsuit that Western Union violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq*., by refusing to accommodate her disability; and violated § 451.001 of the Texas Workers' Compensation Act ("Workers' Compensation Act"), Tex. Lab. Code Ann. § 451.001 (Vernon Supp. 2000), by retaliating against her because of her disability and because she had filed a workers' compensation claim. She alleged that First Data violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, *et seq*., by denying her long term disability benefits. The court granted Western Union summary judgment after it determined that Rosales failed to show that she is disabled because her physical impairment substantially limits one or more of her major life activities; and failed to produce evidence raising a genuine issue of material fact that Western Union's stated reason for refusing to allow her to return to work was a pretext for retaliating against her for filing a workers' compensation claim. The court granted First Data summary judgment after it determined that, given the totality of the administrative record as a whole, it could not say that the denial of long term disability benefits was made without a rational connection to the evidence available in the record, and thus was not an abuse of discretion.

Rosales bases her motion for new trial on the grounds that the court "has made incomplete or erroneous findings of fact or to correct a manifest error [of] law." Plaintiff's Brief at 2. Rosales

argues that:  (1) she suffers from a mental or physical impairment that substantially limits a major life activity; (2) the court, in considering her retaliation claim, fails to construe the evidence in the light most favorable to her and draw all reasonable inferences in her favor; and (3) there is new evidence of Western Union's negative attitude toward her.

### A.      Erroneous Findings of Fact or Manifest Error of Law

Rosales contends that she suffered from a mental or physical impairment that substantially limited a major life activity, and that the court made incomplete or erroneous findings of fact or manifest errors of law with respect to this claim.  Rosales offers no new evidence as to this claim, but rather directs the court's attention to cases she cited in her response to the motion for summary judgment and reurges her argument made in her response.  A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) cannot be used to repeat old arguments previously considered and rejected.  *See Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990). Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted).  As the summary judgment evidence failed to show that Rosales's impairment substantially limited a major life activity, and Rosales presents no newly discovered evidence regarding this issue or clearly establish either a manifest error of law or fact by the court, Rosales's motion to alter or amend the judgment with respect to this claim should be denied.

Regarding her retaliation claim, Rosales contends that the court failed to construe the evidence in the light most favorable to her and draw all reasonable inferences in her favor regarding the negative comments made by her immediate supervisor, a manager in the human resources department, and a company nurse.  Again, Rosales directs the court's attention to the same cases and

makes the same arguments raised in her response to the motions for summary judgment.  As the court stated in its April 13, 2005 order, the "negative" comments upon which Rosales relies fail to establish that Western Union refused to allow Rosales to return to work when it did because she filed a workers' compensation claim.  Although comments or statements may seem harsh or hostile to the person against whom they are directed, the comments and questions would not be considered hostile or harsh by an objective observer.  Without more, these comments are simply not susceptible to the interpretation that Rosales seeks to ascribe to them.  Further, Rosales's subjective belief as to why she was not allowed to return to work is insufficient to establish a causal connection.  Rosales's contentions, therefore, merely demonstrate her dissatisfaction with the court's ruling, rather than clearly establish either a manifest error of law or fact by the court.  *See Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).  Accordingly, her motion to alter or amend the judgment with respect to her claim of retaliation should be denied.

**B.      Newly Discovered Evidence**

Plaintiff attaches the declaration of a former operations manager, Jorge Carranza ("Carranza"), as newly discovered evidence of Western Union's negative attitude toward her.  In his declaration, Carranza states, in pertinent part, that

> I was aware that Ms. Rosales had injured herself on the job and had filed a Workers Compensation claim.  Western Union sent me as Western Union Operations Manager to observe the hearing.  After the hearing, Travelers Insurance Lawyer James Freed asked me to give a message to Linda Bivings, Rosales'[s] immediate supervisor and Director of the Dallas Customer Service Center, that Western Union did not have to give back Blanca Rosales'[s] job back to her, that Travelers had paid Rosales enough money and Western Union did not have any obligation to take her back.  I gave this message to Linda Bivings who came to my office about three times to ask me to repeat the same message.  Bivings kept asking me if James Freed had said something else.

Rosales contends that the statement that "Travelers had paid Rosales enough money and Western Union did not have any obligation to take her back" is clearly negative to her, and that the court "cannot evaluate this statement and the other negative comments about Rosales and not infer a negative attitude toward her and her on-the-job injury." Plaintiff's Brief at 11. The court disagrees. As stated above, the court finds such alleged statements by Western Union's attorney and Rosales's immediate supervisor as not susceptible to the interpretation that Rosales seeks to ascribe to them. Specifically, the attorney's statement is no more than a message to her supervisor as to Western Union's obligation with respect to Rosales's job status. The court cannot assign any specific interpretation to the supervisor's repeated request that Carranza verify the attorney's statement. Carranza's declaration, therefore, is not "of such a nature that [it] would probably change the outcome" of the court's ruling. *See Infusion Resources,* 351 F.3d at 696-97.

Rosales also fails to establish that this evidence is actually newly discovered and could not have been discovered earlier by proper diligence. *See id.* The incident of which Carranza refers occurred in 2002, *some three years before the court issued its ruling on Defendants' summary judgment motions.* Rosales asserts that Carranza's declaration was not available until after he was terminated by Western Union. This is merely an assertion unsupported by the facts. According to Carranza, he was terminated in February 2005, and thereafter discussed with Rosales over a period of time whether he would provide a statement in this lawsuit. Even if Carranza was a reluctant witness, Rosales could have subpoenaed him to provide deposition testimony. Further, Carranza's declaration is dated April 7, 2005, which is prior to the court's ruling on the summary judgment motions, and Rosales made no effort to supplement her summary judgment evidence. Carranza's

**Memorandum Opinion and Order - Page 6**

declaration is thus insufficient to establish that the evidence is "new" and could not have been discovered earlier by proper diligence. The court therefore concludes that Plaintiff's motion to alter or amend the judgment should be denied.

**IV.    <u>Conclusion</u>**

For the reasons herein stated, the court concludes that Plaintiff has failed to clearly establish a manifest error of law or fact on the part of the court, and that there has been no newly discovered evidence that would probably change the outcome of the court's ruling in this action. Accordingly, the court **denies** Plaintiff's Motion for New Trial.

**It is so ordered** this 19th day of October, 2005.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 7**